# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTHONY RAMOS,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>Respondent. | Case No. 1:18-cv-00207-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND ALLOW PETITIONER TO PROCEED WITH EXHAUSTED CLAIM<br><br>(ECF No. 11) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On February 9, 2018, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges his Fresno County Superior Court convictions for first-degree burglary, misdemeanor battery on a cohabitant, battery causing serious bodily injury, and misdemeanor assault. Petitioner asserts the following claims for relief: (1) ineffective assistance of counsel for failing to impeach a witness with her probation status; (2) ineffective assistance of counsel for referring to Petitioner's prior convictions as commercial burglaries instead of theft offenses; (3) insufficient evidence to support finding of guilt for battery with serious injury; (4) insufficient evidence to support finding of guilt for burglary; and (5) the trial court's failure to give adequate jury instructions. (ECF No. 1 at 5, 7, 8, 10, 39).[1]

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  On March 28, 2018, Respondent filed a motion to dismiss the petition for failure to
2 exhaust. (ECF No. 11). On June 25, 2018, the Court received Petitioner's untimely opposition.
3 (ECF No. 15).

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the opposition, Petitioner states that he believes his unexhausted claims were in fact exhausted when the California Supreme Court denied his claims. (ECF No. 15 at 1). However, Respondent has lodged state court records that demonstrate Petitioner only presented a single claim to the California Supreme Court—that trial counsel was ineffective for failing to impeach a witness with her probation status. (LD[2] 2). Petitioner has not provided evidence that he presented any other claims to the California Supreme Court. Given that Petitioner has not sought relief in the California Supreme Court on the remainder of his claims, this Court cannot proceed to the merits of said claims. 28 U.S.C. § 2254(b)(1).

As Petitioner has presented the Court with a mixed petition and has not requested to stay the case, the Court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278 (2005) (citing Lundy, 455 U.S. at 520). Accord Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017).

---

[2] "LD" refers to the documents lodged by Respondent on March 29, 2018. (ECF No. 12).

# III.

# RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and
2. Petitioner be allowed to delete the unexhausted claims in the petition and proceed with the sole exhausted claim (ineffective assistance of trial counsel for failure to impeach a witness regarding her probation status).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30)** days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2018**

UNITED STATES MAGISTRATE JUDGE